IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MARC STEVEN LUXEMBURG §<br>　　　*Plaintiff*, §<br>　　　　　　　　　　　　　§<br>v.　　　　　　　　　　　 §<br>　　　　　　　　　　　　　§<br>CITIBANK, N.A., RAUSCH §<br>STRUM, LLP, MATHEW WAYNE §<br>COOPER, SAMANTHA GALLIVAN, §<br>JOHN B GUINN, CORYELL §<br>COUNTY, TEXAS　　　　　　§<br>　　　*Defendants*. § | Case No. 6:25-cv-585 |

**DEFENDANTS JUDGE JOHN B. GUINN AND CORYELL COUNTY, TEXAS'
RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES JUDGE:

COME NOW Defendants Judge John B. Guinn and Coryell County, Texas, and file this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim, and would show the Court as follows:

**I. SUMMARY OF ARGUMENT**

1. Plaintiff's claims against Defendant Guinn are barred by the doctrine of absolute judicial immunity. Plaintiff's conclusory statements are insufficient to establish a *Monell* claim against Defendant Coryell County, Texas. Accordingly, dismissal of all of Plaintiff's claims is warranted.

**II. ARGUMENT AND AUTHORITIES**

**A. General 12(b)(6) Standards.**

2. To survive a Rule 12(b)(6) motion to dismiss, the Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[1] Thus, Plaintiff must "raise a right to relief

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

above the speculative level."[2] "A complaint that "offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"[3] The court should not "strain to find inferences favorable to the plaintiffs" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'"[4] Nor does a complaint suffice if it tenders "'naked assertion[s]' devoid of 'further factual enhancement.'"[5]

### B. Plaintiff's Claims against Defendant Judge Guinn are barred by judicial immunity.

3.     Judges have absolute judicial immunity to claims for money damages based upon judicial acts performed in judicial proceedings.[6] Judicial officers are entitled to absolute immunity with respect to lawsuits arising out of acts performed in the exercise of their judicial function.[7] Absolute immunity applies unless the challenged action was not taken in the judge's judicial capacity or was taken in the complete absence of all jurisdiction.[8]

4.     Courts in the Fifth Circuit consider four factors to determine whether a judge's actions are judicial in nature: whether the challenged act (1) is a "normal judicial function," (2) "occurred in the courtroom or appropriate adjunct spaces," (3) is "centered around a case pending before the court," and (4) "arose directly out of a visit to the judge in [her] official capacity."[9] "Notably, these

---

[2] *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007) (quoting *Bell Atlantic Corp.*, 550 U.S. at 570).
[3] *Ashcroft*, 556 U.S. at 678.
[4] *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).
[5] *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).
[6] *See Reynolds v. Rhodes*, No. 9:20-CV-56, 2022 WL 18283191, at *2 (E.D. Tex. Nov. 7, 2022), *report and recommendation adopted*, No. 9:20-CV-56 (E.D. Tex. Jan. 12, 2023) (citing *Mireles v. Waco*, 502 U.S. 9, (1991); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996)).
[7] *Id*. (citing *Graves*, 1 F.3d at 317).
[8] *Id*. (citing *Davis v. Tarrant Cty., Tex.,* 565 F.3d 214, 221 (5th Cir. 2009)).
[9] *Jones v. King*, 148 F.4th 296, 301) (5th Cir. 2025)(quoting *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).

factors are 'broadly construed in favor of immunity.'"[10] "Courts need not march through all four factors if one 'overarching point' resolves the matter."[11] "Some acts are 'clearly' judicial—or so 'inextricably linked' to judicial acts that no further analysis is needed."[12] "The 'touchstone' is whether the judge is 'resolving disputes between parties' or 'authoritatively adjudicating private rights.'"[13] "And the hallmark of a judicial act is the 'exercise [of] a discretionary judgment.'"[14]

5.  Plaintiff is complaining about actions Judge Guinn took in a debt collection suit filed in his court. Paragraphs 14-24 of Plaintiff's Original Complaint make it abundantly clear that Judge Guinn was operating in his "judicial capacity" by "resolving disputes between parties." In particular, Plaintiff complains about Judge Guinn's denial of Plaintiff's motions (¶15), entering discovery orders (¶16), entering orders compelling Plaintiff to take certain action (¶17), and entry of judgment without evidentiary foundation (¶20, ¶24). The Fifth Circuit recently stated with regards to the Justice of the Peace in *Jones v King*, "[h]ere Judge King was engaged in traditional judicial function that called for discretionary judgment. Judicial immunity thus applies."[15] The same is true for Judge Guinn as his acts described within Plaintiff's Complaint that inherently required discretionary judgment.

6.  In paragraph 36, Plaintiff alleges that the "court lacked subject-matter jurisdiction." As the Supreme Court has explained:

> "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or

---

[10] *Id* (cleaned up).
[11] *Id*. (citing *Daves v. Dallas County*, 22 F.4th 522, 539 (5th Cir. 2022) (en banc)).
[12] *Id* (cleaned up).
[13] *Id*. (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-36 (1993).
[14] *Id*. (quoting *Antoine*, 508 U.S. at 436).

[15] *Jones v. King*, 2025 WL 2180442, at *3.

was in excess of his authority: rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction."[16]

The question is not whether the judge actually had jurisdiction, or even whether the court exceeded its jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power.[17] Here, section 27.031 of the Texas Government Code provided general jurisdiction over the subject case presided over by Judge Guinn.[18] Plaintiff's bare jurisdictional allegation thus lacks any basis in law or fact.

### C.  Plaintiff's Complaint likewise fails to articulate a *Monell* claim that can survive 12(b)(6) scrutiny.

7.  A city cannot be sued directly under 42 U.S.C. §1983 based solely on allegations that its employee transgressed the Constitution.[19] It has long been established that "[a] plaintiff may not recover against a municipality via theories of *respondeat superior*."[20] A plaintiff must instead plausibly allege claims that establish "the municipality itself" is "responsible for the constitutional violation."[21]

8.  A *Monell* plaintiff must prove that "(1) an official policy (2) promulgated by a municipal policy maker (3) was the moving force behind the violation of a constitutional right."[22] "An unofficial policy or custom such as the decisions of a government's law-makers, the acts of its policymaking officials, and practices, can suffice for purposes of showing the existence of an

---

[16] *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).
[17] *See Davis v Bayless*, 70 F.3d 367, 373 (5th Cir. 1995). *Adams v. Franklin County*, 2025 WL 264995, at *5, E.D. Texas (August 25, 2025).
[18] *See* TEX. GOV CODE ANN. § 27.031 (West).
[19] *Martinez v. Nueces County*, 71 F.4th 385, 389 (5th Cir. 2023).
[20] *Id.*
[21] *Id.*
[22] *Webb v. Town of St. Joseph*, 925 F.3d 209, 216 (5th Cir. 2019) (citing *Davidson v. City of Stafford*, 848 F.3d 384, 395 (5th Cir. 2017)).

official policy—***but only if it is so persistent and widespread as to practically have the force of law***."[23]

9. The Fifth Circuit regularly affirms orders granting 12(b)(6) motions against plaintiffs who fail to plead facts that can support a *Monell* claim. Recently, in both *Verastique* and *Martinez*, the Fifth Circuit issued published decisions affirming dismissal because a plaintiff failed to **comprehensively** plead a plausible *Monell* claim.[24] "[T]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements" will not suffice.[25]

10. The entirety of Plaintiff's *Monell* section merely states:

> 31. County maintained:
>    a. A custom of non-training/non-oversight
>    b. A system permitting judges to act without credential verification
> 32. Failure to supervise was the moving force behind Claimant's injuries. Pl.'s Orig. Compl. ¶¶ 31-32, Dkt. 1.

Respectfully, Plaintiff's *Monell* allegations constitute a textbook example of the threadbare recitals of *Monell* elements and minimalist conclusory allegations that have consistently been deemed fatally inadequate by the Fifth Circuit in the precedents cited *supra*. Plaintiff's *Monell* claims must be dismissed accordingly.

### III. PRAYER

11. WHEREFORE PREMISES CONSIDERED, Defendants Judge John B. Guinn and Coryell County, Texas respectfully request that this Court grant their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and for all other relief to which they may be justly entitled at law or in equity.

---

[23] *Verastique v. City of Dallas, Tex.*, 106 F.4th 427, 432 (5th Cir. 2024) (emphasis added); *see also Martinez*, 71 F.4th at 389.
[24] *Id*.
[25] *Thornton v. Dallas Cnty.*, No. 3:23-CV-1945-D, 2024 WL 3357840, at *4 (N.D. Tex. July 10, 2024).

                Respectfully submitted,

                **WRIGHT & GREENHILL, P.C.**
                4700 Mueller Blvd., Suite 200
                Austin, Texas  78723
                (512) 476-4600
                (512) 476-5382 – Fax

                By:      /s/ Blair J. Leake
                   Stephen Barron
                   State Bar No. 24109619
                   sbarron@w-g.com
                   Blair J. Leake
                   State Bar No. 24081630
                   bleake@w-g.com

                **ATTORNEYS FOR DEFENDANTS JUDGE JOHN B. GUINN AND CORYELL COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January, 2026, a true and correct copy of the foregoing document was caused to be served upon Pro-Se Plaintiff via E-File/E-Service/E-Mail, in accordance with the Federal Rules of Civil Procedure.

                                        /s/ Blair J. Leake
                                    Blair J. Leake