# Exhibit A

# Proposed First Amended Complaint

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**WACO DIVISION**

| | | |
|---|---|---|
| Marc Steven Luxemburg | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **6:25-CV-585** |
| | § | |
| CITIBANK, N.A.; | § | |
| RAUSCH STURM, LLP; | § | JURY TRIAL DEMANDED |
| MATTHEW WAYNE COOPER; | § | |
| SAMANTHA GALLIVAN | § | |
| Defendants | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT (Rule 12)(b)(6)

### I. JURISDICTION AND VENUE

This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq..

This Court has federal question jurisdiction under 28 U.S.C. § 1331.

Supplemental jurisdiction exists under 28 U.S.C. § 1367 over related state-law claims.

Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

1

## II. PARTIES

Plaintiff is a consumer residing in Texas.

Defendant RAUSCH STURM, LLP ("RSLLP") is a debt collection entity engaged in the business of collecting consumer debts.

Defendant Matthew Wayne Cooper ("MWC") and Samantha Galvan ("SG") are attorneys who acted in the collection of consumer debts through litigation and pre-litigation communications.

Defendant CITIBANK, N.A. ("CITI") is an alleged original creditor that maintained consumer account records and participated in communications with Plaintiff concerning the alleged account described herein.

## III. FACTUAL ALLEGATIONS

### A. Initial Collection Attempt

On or about December 14, 2024, RS sent Plaintiff a written communication stating Plaintiff owed an alleged credit card debt originally issued by CITI in the amount of approximately $1887.44.

The communication stated RSLLP was attempting to collect a debt allegedly owed to CITI and that information provided by Plaintiff would be used for that purpose.

### B. Timely Dispute and Validation Request

Within approximately two days of receipt of the December 14, 2024 communication, Plaintiff sent RSLLP a written dispute and request for validation via certified mail, return receipt requested.

The dispute expressly requested verification of the alleged debt and identification of the contractual and account basis for liability.
RSLLP did not provide any written verification of the alleged debt prior to continuing collection activity.

2

### C. Failure to Timely Cease Collection Activity

RSLLP did not respond to Plaintiff's validation request for approximately 59 days.

During this period, RSLLP did not provide verification of the alleged debt as required under 15 U.S.C. § 1692g(b).

### D. Late "Validation" and Escalation

On or about day 61 after the initial communication, RSLLP transmitted a packet of account statements purporting to verify the alleged debt.

The packet contained no assignment documents, no chain of title, and no sworn testimony establishing RSLLP's authority to collect the alleged debt.

### E. Filing of Lawsuit Without Attached Proof of Ownership

On or about day 87, RSLLP, through MWC and SG, filed a debt collection lawsuit against Plaintiff alleging Plaintiff was indebted to CITI in the amount stated.

The petition did not attach any assignment, bill of sale, or other documentation establishing RSLLP's authority to collect on behalf of CITI or ownership of the alleged debt.

The petition alleged Plaintiff opened and used the account and was liable for the balance due.

### F. CITI Communications With Plaintiff

After initiating the dispute process, Plaintiff contacted CITI in writing requesting information regarding the alleged account.

CITI Executive Office representatives later communicated directly with Plaintiff by telephone.

During at least one recorded and one witnessed call, CITI Executive Office representatives stated they could not locate any accounts associated with Plaintiff's full name, DOB, and Social Security number as provided.

3

## G. Litigation Evidence Presented at Hearing

At the hearing, RSLLP and SG introduced a business records affidavit purportedly executed by a CITI employee and attached account statements.

The affidavit and statements were not accompanied by any assignment agreement or documentation establishing transfer of ownership of the alleged debt.

No live testimony was presented by CITI or any custodian of records with direct knowledge of account ownership transfer to RSLLP.

## H. Resulting Conduct

RSLLP proceeded with collection litigation based on the representations described above despite Plaintiff's timely dispute and request for validation.

## IV. CLAIMS FOR RELIEF

### COUNT I — FDCPA § 1692g(b) VIOLATION (RSLLP)

Plaintiff incorporates all preceding paragraphs.

Plaintiff timely disputed the alleged debt and requested validation within the statutory period.

RSLLP failed to cease collection activity until proper verification was provided.

RSLLP continued collection activity by maintaining and prosecuting litigation prior to providing adequate verification.

### COUNT II — FDCPA § 1692e (False or Misleading Representations) (RSLLP, MWC, SG)

Plaintiff incorporates all preceding paragraphs.

RSLLP and attorney defendants represented that Plaintiff owed a legally enforceable debt to CITI.

4

RSLLP and attorney defendants represented that Plaintiff was liable on the alleged account despite failing to establish ownership, assignment, or authority at the time of filing suit.

These representations were materially misleading in light of the absence of supporting documentation and CITI's later inability to locate the account under Plaintiff's identifiers.

### COUNT III — FDCPA § 1692f (Unfair Practices) (RSLLP, MWC, SG)
Plaintiff incorporates all preceding paragraphs.

Defendants used unfair means to collect a debt by pursuing litigation without adequate documentation of authority or account ownership.

Defendants further relied on incomplete or unverified account data in prosecuting the claim.

### COUNT IV — § 1692e(2)(A) (Misrepresentation of Legal Status/Character of Debt)
Plaintiff incorporates all preceding paragraphs.

Defendants falsely or misleadingly represented the legal status of the alleged debt as valid and enforceable against Plaintiff without establishing a verified chain of ownership or authority.

### COUNT V — CITI [LIMITED FACTUAL PARTICIPATION THEORY]
Plaintiff incorporates all preceding paragraphs.

CITI Executive Office representatives communicated directly with Plaintiff regarding the alleged account after Plaintiff initiated a written request for information.

During such communications, CITI Executive Office representatives stated they could not locate any account(s) associated with Plaintiff under the identifiers such as full name, SSN, and account numbers that Plaintiff provided.
These communications created factual ambiguity regarding the existence or identification of the alleged account underlying Defendants' collection activity.

5

## V. PRAYER FOR RELIEF

**Plaintiff requests:**

Actual damages

Statutory damages under FDCPA and related state claims

Costs and attorney's fees under 15 U.S.C. § 1692k

Declaratory relief as appropriate

Such other relief as the Court deems just and proper

Dated: 11 June 2026

Respectfully Submitted:

Marc Steven Luxemburg

Plaintiff, Pro se

c/o 2008 Freedom Lane

Copperas Cove, Texas [76522]

512-848-0428

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of **PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT and PLAINTIFF'S FIRST AENDED COMPLAINT** was mailed to XERXES MARTIN for RAUSCH STURM, LLP, MATTHEW WAYNE COOPER, and SAMANTHA GALLIVAN, and BALLARD SPAHR, LLP for CITIBANK N.A. via certified mail at the following addresses:

☑ **Certified Mail No. <u>9589 0710 5270 2593 6457 02</u>, Return Receipt Requested** to:

XERXES MARTIN

For RAUSCH STURM, LLP, MATTHEW WAYNE COOPER, and SAMANTHA GALLIVAN

8750 North Central Expressway, Suite 1850

Dallas, TX 75231

☑ **Certified Mail No. <u>9589 0710 5270 2593 6457 19</u>, Return Receipt Requested** to:

BALLARD SPAHR, LLP

For CITIBANK N.A.

1800 Larimer Street, Suite 1600

Denver, CO 80202-5596

☐ **Electronic Service (if applicable and permitted by the court's rules)** to:

☐ **Fax to:**

Dated: 11 June 2026

Respectfully Submitted:

Marc Steven Luxemburg

Plaintiff, Pro se

c/o 2008 Freedom Lane

Copperas Cove, Texas [76522]

512-848-0428