**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **MARC STEVEN LUXEMBURG,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **No. 6:25-CV-00585-LS** |
| | § | |
| **CITIBANK, N.A., RAUSCH STURM, LLP, MATTHEW WAYNE COOPER, SAMANTHA GALLIVAN,** | § | |
| | § | |
| | § | |
| | § | |
| ***Defendants*.** | § | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff Marc Steven Luxemburg moves to amend his complaint to include new claims against Defendants under the Fair Debt Collection Practices Act ("FDCPA").[1] The one-year statute of limitations[2] does not bar Plaintiff's proposed claims because they "arose out of the conduct, transaction or occurrence . . . set out in the original pleading."[3] Plaintiff's amended complaint therefore "relates back" to the date of his initial complaint. The purpose of the relation-back doctrine is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits."[4]

Plaintiff's causes of action accrued, at the earliest, on December 16, 2024 when he contacted Defendants to dispute the collection action.[5] Plaintiff filed his initial complaint on

---

[1] 15 U.S.C. § 1692 *et seq*.
[2] 15 U.S.C. § 1692k(d).
[3] Fed. R. Civ. P. 15(c)(1)(B).
[4] *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550 (2010).
[5] ECF No. 1 at 2.

December 16, 2025, within the FDCPA's statute of limitations.[6] The Court therefore **GRANTS** Plaintiff's motion for leave to file an amended complaint [ECF No. 26]. Defendants' motion to dismiss for failure to state a claim [ECF No. 16] is **DENIED AS MOOT** with leave to renew.

**SO ORDERED**.

**SIGNED** and **ENTERED** on July 30, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[6] 15 U.S.C. § 1692k(d).